UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Houston Byrd,                                                          Case No. 3:13-cv-2712

        Plaintiff

v.                                                              MEMORANDUM OPINION
                                                                      AND ORDER

QDRO Office,

        Defendant.


## BACKGROUND AND HISTORY

*Pro se* Plaintiff Houston Byrd, a resident of Licking County, Ohio, filed this action against a QDRO Office in Jacksonville, Florida. Although his pleading is very disjointed, it appears he is challenging the content of a Qualified Domestic Relations Order ("QDRO"), approved by the Franklin County Domestic Relations Court, claiming it is inconsistent with other provisions of his divorce decree. He does not indicate the relief he seeks from this Court.

Plaintiff was divorced in 1999. The Franklin County Court of Common Pleas docket, however, reflects that he and his former spouse continued to litigate through post judgment motions until March 2014.[1] He claims he received a letter from "the QDRO office" on October 25, 2013,

---

[1]     Franklin County Court of Common Pleas dockets can be viewed at: http://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/

stating that because he was receiving a pension benefit payment, they were required to hold $513.67 of the pension benefit pending qualification of his QDRO. He claims he presented a copy of his 1999 divorce decree to the QDRO Office and that order states he is entitled to keep all of his pension or retirement accounts. He does not allege when the QDRO was issued by the Domestic Relations Court or why it was issued. He questions why the monies would be withheld during the qualification period, why the starting date for withholding was November 1, 2013, why the Order contradicts the 1999 divorce decree, and why his former spouse would be entitled to a portion of his pension when they were married only a short time. He contends retirement benefits are a marital asset and are therefore divided in the divorce decree as part of property division. He cites to an Ohio case which states the domestic relations court lacks jurisdiction to modify property division after the divorce is final. He cites to another Ohio case for the proposition that the trial court lacks jurisdiction to issue a QDRO that is inconsistent with the divorce decree. He does not state any legal claims nor does he indicate the relief he seeks in this action.

## STANDARD OF REVIEW

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level

of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds*, Inc., 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Review of the complaint indicates venue is improper in the Northern District of Ohio. A civil action may be brought only in: (1) a judicial district where any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be subject to personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). An entity with the capacity to sue and be sued in its common name under applicable law, is deemed to reside in any judicial district in which the Defendant is subject to the Court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2). Plaintiff lists the Defendant's address as Jacksonville, Florida.

3

Plaintiff's divorce was heard by the Franklin County Court of Common Pleas, which is located within the geographical boundaries of the Southern District of Ohio. Based on this information, venue arguably would be proper only in the Middle District of Florida or the Southern District of Ohio. This case has no apparent connection to the Northern District of Ohio, and venue in this district is improper.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, I find that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed.

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. He must also establish that the amount in controversy exceeds $ 75,000.00. The second type of federal

jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Plaintiff fails to establish jurisdiction based on diversity of citizenship. A corporation is deemed to be a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332 (c)(1). An unincorporated association is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332 (d)(10). Plaintiff does not indicate what type of legal entity the "QDRO Office" is; however, it is likely this office is merely a subunit or division of a larger corporation or unincorporated business entity. He does not indicate the state in which the Defendant or the larger entity of which it is part, has its principal place of business or the state in which it was incorporated or organized.

Instead, Plaintiff lists an address consisting of a post office box, and that information is not found in the pleading, but rather on the civil cover sheet filed with the Complaint. At best, a post office box may demonstrate residence in a particular location. Residence and citizenship are different things. "Mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction." *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905). S*ee Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1986) (general allegations of residence, such as listing a post office box are insufficient to establish citizenship); *Smith v. Breakthrough International*, No. 12–cv–01832–WHO, 2013 WL 4731245, at *4 (N.D. Cal. Sept. 3, 2013) (having a post office box would not be not sufficient proof of domicile); *Upshaw v. Andrade,* No. 10–11517–JLT*,* 2012 WL 996783, at *6 (D. Mass. Mar. 2, 2012) (listing a return address at a post office box in Hoboken, New Jersey is inadequate under the diversity statute to establish domicile); *Canning v. Poole,* 10–16–JBC, 2011 WL

5

588045, at *1 (E.D. Ky. Feb. 10, 2011) (stating that the P.O. Box address on a billing statement is insufficient to establish that a person is a citizen of that state); *Hudson v. Divers Alert Network*, No. 4:08-cv-00036-JEG, 2008 WL 2705163, *2 (S.D. Iowa June 16, 2008).

In addition, Plaintiff has not established the amount in controversy. Diversity jurisdiction has two requirements: (1) that the Plaintiff and all of the Defendants be citizens of different states, and (2) that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff states he received a letter telling him $513.67 would be withheld from his benefits each month beginning December 1, 2013 and continuing until the QDRO is accepted. Even if the QDRO has not been accepted to date, the amount in controversy does not approach the jurisdictional prerequisite.

Plaintiff has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, this means Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). He has not established diversity jurisdiction.

Plaintiff has also failed to establish federal question jurisdiction. He mentions in a footnote that all of his plans are covered by the Employee Retirement Income Security Act ("ERISA"); however, Congress created a limited exception to the anti-alienation provision of ERISA, 29 U.S.C.A. § 1056(d)(3), for Qualified Domestic Relations Orders. For purposes of ERISA, the term "domestic relations order" means any judgment, decree, or order which relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant, and is made pursuant to a State domestic relations

6

law. 29 U.S.C.A. § 1056(d)(3)(B)(II).  A pension administrator does not violate ERISA merely by acting in accordance with a QDRO to divide pension benefits.

Plaintiff's dispute appears that to be the domestic relations court issued a QDRO which Plaintiff contends contradicts provisions of his 1999 property division.  He claims the 1999 divorce decree awarded him all of his retirement benefits.  There was a significant amount of litigation that took place after the divorce decree was entered.  Plaintiff does not allege when or why the QDRO was issued by the court.  While property division is one purpose for a QDRO, that order may also be used to address child support or spousal support payments.  Whether the domestic relations court's QDRO is consistent with its order pertaining to property division is a question of state law, and a matter for the domestic relations court or the Ohio appellate courts to decide.  Plaintiff has not established a valid federal claim upon which federal subject matter jurisdiction may be based.

Finally, even if a case meets the technical requirements for diversity jurisdiction, federal courts refrain from addressing cases which are in essence domestic relations disputes.  *Catz v. Chalker*, 142 F.3d 279, 290 (6th Cir. 1998); *Firestone v. Cleveland Trust*, 654 F.2d 1212, 1215 (6th Cir. 1981).  To determine if a case is in essence a domestic relations case, the court must look to whether the parties are seeking a declaration of marital rights, parental status, or property division, or whether the underlying dispute centers on a constitutional issue, or a question of federal law.  *Catz*, 142 F.3d at 290.  Domestic relations cases involve local problems which are "peculiarly suited to state regulation and control and peculiarly unsuited to control by federal courts."  *Firestone*, 654 F.2d at 1215.  For this reason, it is incumbent upon the district court to examine the claims of the Complaint and to determine the true character of the dispute to be adjudicated.  *Id.*  Here, Plaintiff's allegations establish that he disagrees with the content of a QDRO issued in this domestic relations case and contends it is contrary to a part of another domestic relations court order.  This is a domestic relations issue, not one that arises under federal law.  As such, I would refrain from

becoming involved in Plaintiff's domestic relations dispute, even if the case met the technical requirements of diversity jurisdiction.

## Conclusion

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude he failed to establish a basis for federal court jurisdiction. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge